IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE ROBERT CATE,

    Petitioner,                    No. CIV S-99-1466 WBS JFM P

    vs.

JOSEPH MCGRATH, Warden,
et al.,

    Respondents.              ORDER
_____/

        Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came on for hearing before the undersigned on August 4, 2005 on petitioner's motion for a protective order, to expand the record to include, and to seal, a medical report by Dr. Joan B. Gerbasi, J.D., M.D. Respondents oppose expansion of the record but they do not oppose sealing the document and petitioner's request for protective order in the event the report is admitted.

        Petitioner presents the report in support of his claim that his attorney provided constitutionally inadequate assistance by failing to investigate and present a diminished actuality defense. There is no dispute that Dr. Gerbasi's report is related to this claim. See Rule 7, 28 U.S.C. foll. § 2254.

        In their written opposition to the motion, respondents contend that the record should not be expanded to include the report because the report "materially alters the nature" of

1

petitioner's claim and will render the claim unexhausted.  This contention is without merit. "'[N]ew factual allegations do not render a claim unexhausted unless they "fundamentally alter the legal claim already considered by the state courts."'  Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir.1994) (quoting Vasquez v. Hillery, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986))." Belmontes v. Brown, 414 1094, 1117 (9th Cir. 2005).  The facts presented in Dr. Gerbasi's declaration do not "fundamentally alter" petitioner's ineffective assistance of counsel claim, and admission of the declaration will not render that claim unexhausted.

At the hearing, respondents argued in addition that as a general rule § 2254(d) limits the availability of habeas corpus relief to circumstances where a state court's denial of habeas corpus relief was based on an unreasonable application of the facts before the state court, thus limiting the federal court to the factual record that was before the state court, that pursuant to Holland v. Jackson, 542 U.S. 649 (2004) and Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005), new evidence can only be used in a federal habeas corpus proceeding when it meets the standard set forth in § 2254(e)(2) for an evidentiary hearing, and that petitioner has not satisfied that requirement.

In Holland, the United States Supreme Court held that, whether or not a federal habeas petitioner seeks an evidentiary hearing, new evidence may only be considered in a federal habeas corpus proceeding when the failure to develop the facts in state court are not the petitioner's fault, or when the requirements of 28 U.S.C. § 2254(e)(2) are satisfied.[1]  Holland,

---

[1] That section provides:

> 2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

124 S.Ct. at 2738 (citing Williams v. Taylor, 529 U.S. 420, 431-437 (2000)).  In Cooper-Smith, the United States Court of Appeals for the Ninth Circuit held that it is proper to require a petitioner to make the showing required by § 2254(e)(2) when seeking to expand the record pursuant to Rule 7, 28 U.S.C. foll. § 2254.  Cooper-Smith, 397 F.3d at 1241.

In Williams, the United States Supreme Court held in relevant part that "[i]f there has been no lack of diligence at the relevant stages of the state court proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements."  Williams, 529 U.S. at 437.

> Ordinarily diligence requires that a petitioner seek an evidentiary hearing in state court in the manner prescribed by state law. [Williams, at 437.]  Under California law, an appellate court, when presented with a state habeas petition, determines whether an evidentiary hearing is warranted only after the parties file formal pleadings, if they are ordered to do so.  See People v. Duvall, 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252, 1258-61 (1995); People v. Romero, 8 Cal.4th 728, 35 Cal.Rptr.2d 270, 883 P.2d 388, 391-94 (1994).  [Where] the California Supreme Court summarily denie[s] a state habeas petition without ordering formal pleadings [the petition] never reache[s] the stage of the proceedings at which an evidentiary hearing should be requested, [the petitioner] has not shown "a lack of diligence at the relevant stages of the state court proceedings" and therefore is not subject to AEDPA's restrictions on evidentiary hearings.

Horton v. Mayle, 408 F.3d 570, 582 n.6 (9th Cir. 2005).

/////

---

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The ineffective assistance of counsel claim at bar was presented to the state courts in a petition for writ of habeas corpus filed in the California Supreme Court on August 28, 2000. (See Ex. 3 to Supplemental Brief filed September 27, 2001 in Cate v. Ayers, Case No. CIV S-01-0384 WBS JFM P (hereafter "Supplemental Brief.")[2] The California Supreme Court summarily denied that petition by order filed January 27, 2001, without ordering any formal briefing. (Ex. 4 to Supplemental Brief.) Petitioner did not, therefore, show a lack of diligence in the state court proceedings and is not required to make a showing under § 2254(e)(2) in order to prevail on the instant motion. See Horton, supra.

For all of the foregoing reasons, petitioner's motion to expand the record will be granted. The unopposed motions to seal and for a protective order will also be granted. Respondents will be given and opportunity to respond to Dr. Gerbasi's medical report. See Rule 7(c), 28 U.S.C. foll. § 2254.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's June 14, 2005 motions to expand the record, to seal, and for protective order are granted.

2. The record is expanded to include the medical report of Dr. Joan Gerbasi.

3. Dr. Gerbasi's report shall be maintained under seal until further order of court.

4. Dr. Gerbasi's report is deemed confidential. It may be used only by representatives from the Office of the California Attorney General and only for purposes of any proceedings incident to litigating the claims present in the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

shall apply in the event of a retrial of all or any portion of petitioner's criminal case, except that either party maintains the right to request modification or vacation of this upon entry of final judgment in this matter.

     5. Within thirty days from the date of this order respondents may file and serve a written response to Dr. Gerbasi's medical report.

DATED: September 21, 2005.

                                               UNITED STATES MAGISTRATE JUDGE

12
cate1466.po